ELMER DEAN MARTIN III #75517
A Professional Corporation
1300 Valley Vista Drive, Suite 201
P.O. Box 4670
Diamond Bar, California 91765
(909) 861-6700 (Phone)
(909) 860-3801 (Facsimile)
elmer@bankruptcytax.net
Chapter 11 Trustee's Special Tax Counsel

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

In re:

Ezri Namvar

|  |  |
|---|---|
| | CASE NO:   2:08-32349-BR |
| | Chapter 11 |
| | Adversary Number: 2:11-02867-BR |

Bradley D. Sharp, as Chapter 11 Trustee

                         Plaintiff,

vs.

United States of America
                         Defendant.

Plaintiff's Unilateral Status Report

DATE:          April 19, 2017
TIME:          10:00 a.m.
PLACE:         Courtroom 1668
255 E. Temple Street
Los Angeles, CA 90012

Plaintiff Trustee Bradley D. Sharp reports as follows:

1.  On March 20, 2017 the undersigned emailed to Thomas Coker, USACAC, a proposed status report.  Exhibit 1 hereto.

2.  On April 3, 2017 Mr. Coker returned Exhibit 2 hereto.

3.  On April 3, 2017 the undersigned emailed to Mr. Coker Exhibit 3 hereto.

4.  On April 10, 2017 the undersigned emailed to Mr. Coker Exhibit 4 hereto.

5.  The Exhibits referenced in Exhibit 4 are attached hereto as Exhibit 5.  They are the Trustee's offer of settlement, the DOJ's acceptance, the original answer of

ELMER DEAN MARTIN III
POST OFFICE BOX 4670
DIAMOND BAR, CALIFORNIA 91765
(909)861-6700

c:/winword/pleadings/1t5267

1  the IRS in the above captioned adversary, and the stipulation proposed by the United

2  States.

3      6. The parties have been unable to agree on a joint status report.   Therefore

4  Plaintiff Bradley D. Sharp hereby files his own status report consisting of his draft

5  status report attached as Exhibit 4 which refers to the exhibits attached as Exhibit 5

6  hereto.

7      7. The nature of the controversy arises because the offer by the trustee

8  contemplates receipt of the offer amount not subject to setoff and the acceptance of

9  the offer reserves the right of setoff even though neither party professes to know of

10 any claim of setoff.   The trustee proposes that settlement be ordered as to the

11 trustee's claim and any claim of the United States for setoff be set for trial.   The

12 United States proposes that the adversary be entirely dismissed including its claim

13 for setoff, but that it should still retain the right of setoff.   An alternative would be

14 for an order to be entered that the stipulation for dismissal proposed by the United

15 States would be effective only upon receipt by the Estate of the full amount of the

16 settlement amount of $6,000,000 plus interest not subject to any reduction by any

17 reason of any claim by the United States for setoff or otherwise within a time

18 certain.

19 Submitted this 11th day of April 2017

20                             Elmer Dean Martin III, A Professional Corporation
21                             /s/ Elmer Dean Martin III
                               Elmer Dean Martin III
22                             Special Tax Counsel for Plaintiff

23

24

25

26

27

ELMER DEAN MARTIN III
POST OFFICE BOX 4670
DIAMOND BAR, CALIFORNIA 91765
(909)861-6700

c:/winword/pleadings/1t5267

1  ELMER DEAN MARTIN III #75517
   A PROFESSIONAL CORPORATION
   1300 VALLEY VISTA DRIVE, SUITE 201
2  P.O. BOX 4670
   DIAMOND BAR, CALIFORNIA 91765
3  (909) 861-6700 (PHONE)
   (909) 860-3801 (FACSIMILE)
4  elmer@bankruptcytax.net
   Chapter 11 Trustee's Special Tax Counsel
5

6              UNITED STATES BANKRUPTCY COURT
7      CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

8  In re:

9  Ezri Namvar                          CASE NO:   2:08-32349-BR
                                        Chapter 11
10

11                                       Adversary Number: 2:11-02867-BR
12

13  Bradley D. Sharp, as Chapter        Joint Status Conference Report
14  11 Trustee

15              Plaintiff,

16  vs.

17  United States of America
18              Defendant.
19

20      The United States of America and its agency, the Internal Revenue Service,

21  ("Defendant") and Bradley D. Sharp, Chapter 11 Trustee, ("Plaintiff" or "Trustee"),

22  hereby state that the status of the above captioned Adversary is as follows:

23      1. The Adversary is a claim for refund by the Trustee and a counterclaim for

24         setoff under IRC §6402 by the United States.

25      2. After extensive mediation an offer of settlement ("Offer") was made by the

26         Trustee. Exhibit 1.

27

c:/winword/pleadings/1t5260

-1-                                    Exhibit 1 Page 000003

ELMER DEAN MARTIN III
POST OFFICE BOX 4670
DIAMOND BAR, CALIFORNIA 91765
(909)861-6700

3. After extensive consideration the United States replied that the Joint Committee of Congress on Taxation has no objection to the settlement and that the offer is accepted. Exhibit 2 ("Acceptance").

4. The Trustee observes that the Offer states that the Offer contemplates dismissal of the Adversary upon receipt of the payment of $6,000,000 plus interest as specified in the Offer.

5. The Trustee further observes that the Acceptance contemplates dismissal of the counterclaim but reserves the right to setoff under §6402 and to issue a credit rather than a payment.

6. The United States observes that it knows of no basis for a setoff.

7. The Trustee knows of no basis for a setoff.

8. The Trustee believes that a stipulation for dismissal should be entered into between the Trustee and the United States that either:

   a. Provides for settlement of the Trustee's claim and leaves the counterclaim for litigation; or

   b. Provides for dismissal upon payment to the Trustee of the settlement amount without setoff, within a specified time limit.

9. The United States believes ………………..


Date: _____          Elmer Dean Martin III, A Professional Corporation


                         /s/ Elmer Dean Martin III
                         Elmer Dean Martin III
                         Special Tax Counsel for
                         Chapter 11 Trustee

Date: _____          SANDRA R. BROWN
                         Acting United States Attorney

ELMER DEAN MARTIN III
POST OFFICE BOX 4670
DIAMOND BAR, CALIFORNIA 91765
(909)861-6700

c:/winword/pleadings/1t5260

Exhibit 1 Page 000004

1

2

3   Thomas D. Coker
    Assistant United States Attorney
4   Chief, Tax Division
    Attorneys for the United States of America,
5   On behalf of the Internal Revenue Service,
    Defendant
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ELMER DEAN MARTIN III
POST OFFICE BOX 4670
DIAMOND BAR, CALIFORNIA 91765
(909)861-6700

c:/winword/pleadings/1t5260

-3-

Exhibit 1 Page 000005

ELMER DEAN MARTIN III #75517
A PROFESSIONAL CORPORATION
1300 VALLEY VISTA DRIVE, SUITE 201
P.O. BOX 4670
DIAMOND BAR, CALIFORNIA  91765
(909) 861-6700 (PHONE)
(909) 860-3801 (FACSIMILE)
elmer@bankruptcytax.net
Chapter 11 Trustee's Special Tax Counsel

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Ezri Namvar | CASE NO:  2:08-32349-BR<br>Chapter 11<br><br>Adversary Number: 2:11-02867-BR |
| Bradley D. Sharp, as Chapter 11 Trustee<br><br>               Plaintiff,<br><br>vs.<br><br>United States of America<br>               Defendant. | Joint Status Conference Report |

        The United States of America and its agency, the Internal Revenue Service, ("Defendant") and Bradley D. Sharp, Chapter 11 Trustee, ("Plaintiff" or "Trustee"), hereby state that the status of the above captioned Adversary is as follows:

    1. The Adversary is a claim for refund by the Trustee.

    2. After extensive mediation an offer of settlement ("Offer") was made by the Trustee.  Exhibit 1.

c:\winword/pleadings/1t5260

Exhibit 2 Page 000006

ELMER DEAN MARTIN III
POST OFFICE BOX 4670
DIAMOND BAR, CALIFORNIA 91765
(909)861-6700

ELMER DEAN MARTIN III
POST OFFICE BOX 4670
DIAMOND BAR, CALIFORNIA 91765
(909)861-6700

3. After extensive consideration, the United States was notified that the Joint Committee of Congress on Taxation has no objection to the settlement and that the Plaintiff's offer is accepted.  Exhibit 2 ("Acceptance").

4. The Trustee observes that the Offer states that the Offer contemplates dismissal of the Adversary upon receipt of the payment of $6,000,000 plus interest as specified in the Offer.

5. The Trustee further observes that the Acceptance contemplates dismissal of the entire action, including counterclaims, but reserves the statutory right to setoff under 26 U.S.C § 6402 and to issue a credit rather than a payment.

6. The Trustee knows of no basis for a setoff.

7. The Trustee believes that a stipulation for dismissal should be entered into between the Trustee and the United States that either:

   a. Provides for settlement of the Trustee's claim and leaves the counterclaim for litigation; or

   b. Provides for dismissal upon payment to the Trustee of the settlement amount without setoff, within a specified time limit.

**The United States Reports:**

8. The United States did not file a "counterclaim for setoff under IRC Section 6402.

9. The reference in the Acceptance Letter (Ex. 2) with respect to Section 6402 of the Internal Revenue Code is standard practice when the Department of Justice accepts a settlement offer in refund suits against the United States.

10. The United States is not aware of any outstanding pre-petition taxes assessed or due in this case.

c:/winword/pleadings/1t5260

Exhibit 2 Page 000007

1        11.    A proposed stipulation for dismissal of was submitted to the Trustee for

2    execution and return to the United States with the understanding that the stipulation

3    would **_not_** be filed until the Trustee received the notice of adjustment and refund,

4    which has not been returned. Upon return of the proposed stipulation, the Department

5    of Justice will commence the processing of the refund. .

7    Date: _____          Elmer Dean Martin III, A Professional Corporation

9                    /s/ Elmer Dean Martin III

10                   Elmer Dean Martin III
Special Tax Counsel for

11                   Chapter 11 Trustee

12    Date: April 3, 2017        SANDRA R. BROWN
Acting United States Attorney

Thomas D. Coker
Assistant United States Attorney
Chief, Tax Division
Attorneys for the United States of America,
On behalf of the Internal Revenue Service,
Defendant

ELMER DEAN MARTIN III
POST OFFICE BOX 4670
DIAMOND BAR, CALIFORNIA 91765
(909)861-6700

c:/winword/pleadings/1t5260

-3-

Exhibit 2 Page 000008

ELMER DEAN MARTIN III #75517
A PROFESSIONAL CORPORATION
1300 VALLEY VISTA DRIVE, SUITE 201
P.O. BOX 4670
DIAMOND BAR, CALIFORNIA 91765
(909) 861-6700 (PHONE)
(909) 860-3801 (FACSIMILE)
elmer@bankruptcytax.net
Chapter 11 Trustee's Special Tax Counsel

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Ezri Namvar | CASE NO:   2:08-32349-BR<br>Chapter 11<br><br>Adversary Number: 2:11-02867-BR |
| Bradley D. Sharp, as Chapter 11 Trustee<br><br>                Plaintiff,<br><br>vs.<br><br>United States of America<br>                Defendant. | Joint Status Conference Report<br><br>DATE:        April 19, 2017<br>TIME:        10:00 a.m.<br>PLACE:        Courtroom 1668<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

The United States of America and its agency, the Internal Revenue Service, ("Defendant") and Bradley D. Sharp, Chapter 11 Trustee, ("Plaintiff" or "Trustee"), hereby state that the status of the above captioned Adversary is as follows:

**The Trustee Reports:**

1. The Adversary is a claim for refund by the Trustee and assertion of a right of setoff under IRC §6402 by the United States.

2. After extensive mediation an offer of settlement ("Offer") was made by the Trustee. Exhibit 1.

c:/winword/pleadings/1t5260

-1-

Exhibit 3 Page 000009

ELMER DEAN MARTIN III
POST OFFICE BOX 4670
DIAMOND BAR, CALIFORNIA 91765
(909)861-6700

ELMER DEAN MARTIN III
POST OFFICE BOX 4670
DIAMOND BAR, CALIFORNIA 91765
(909)861-6700

3. After extensive consideration the United States replied that the Joint Committee of Congress on Taxation has no objection to the settlement and that the Plaintiff's offer is accepted. Exhibit 2 ("Acceptance").

4. The Trustee observes that the Offer states that the Offer contemplates dismissal of the Adversary upon receipt of the payment of $6,000,000 plus interest as specified in the Offer.

5. The Trustee further observes that the Acceptance contemplates dismissal of the entire action, including counterclaims, but reserves the right to setoff under §6402 and to issue a credit rather than a payment.

6. Paragraph 24 of the answer of the United States reserved right of setoff under §6402. Exhibit 3 attached.

7. The Trustee knows of no basis for a setoff and knows of no pre-petition or post-petition taxes assessed or due in this case.

8. The Trustee believes that a stipulation for dismissal should be entered into between the Trustee and the United States that either:

   a. Provides for settlement of the Trustee's claim and leaves set off by the United States for litigation; or

   b. Provides for dismissal upon payment to the Trustee of the settlement amount without setoff, within a specified time limit.

**The United States Reports:**

9. The reference in the Acceptance Letter (Exhibit 2) with respect to § 6402 of the Internal Revenue Code is standard practice when the Department of Justice accepts a settlement offer in refund suits against the United States.

10. The United States is not aware of any outstanding pre-petition or post-petition taxes assessed or due in this case.

Date: _____                Elmer Dean Martin III, A Professional Corporation

c:/winword/pleadings/1t5260

1

2          /s/ Elmer Dean Martin III
           Elmer Dean Martin III
3          Special Tax Counsel for
           Chapter 11 Trustee
4

5   Date: _____   SANDRA R. BROWN
                       Acting United States Attorney
6

7

8          _____
           Thomas D. Coker
9          Assistant United States Attorney
           Chief, Tax Division
10         Attorneys for the United States of America,
           On behalf of the Internal Revenue Service,
11         Defendant
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ELMER DEAN MARTIN III
POST OFFICE BOX 4670
DIAMOND BAR, CALIFORNIA 91765
(909)861-6700

c:/winword/pleadings/1t5260

Exhibit 3 Page 000011

ELMER DEAN MARTIN III #75517
A PROFESSIONAL CORPORATION
1300 VALLEY VISTA DRIVE, SUITE 201
P.O. BOX 4670
DIAMOND BAR, CALIFORNIA 91765
(909) 861-6700 (PHONE)
(909) 860-3801 (FACSIMILE)
elmer@bankruptcytax.net
Chapter 11 Trustee's Special Tax Counsel

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Ezri Namvar | CASE NO:   2:08-32349-BR<br>Chapter 11<br><br>Adversary Number: 2:11-02867-BR |
| Bradley D. Sharp, as Chapter 11 Trustee<br><br>                    Plaintiff,<br><br>vs.<br><br>United States of America<br>                    Defendant. | Joint Status Conference Report<br><br>DATE:        April 19, 2017<br>TIME:        10:00 a.m.<br>PLACE:       Courtroom 1668<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

        The United States of America and its agency, the Internal Revenue Service, ("Defendant") and Bradley D. Sharp, Chapter 11 Trustee, ("Plaintiff" or "Trustee"), hereby state that the status of the above captioned Adversary is as follows:

**The Trustee Reports:**

1.   The Adversary is a claim for refund by the Trustee and assertion of a right of setoff under IRC §6402 by the United States.

2.   After extensive mediation an offer of settlement ("Offer") was made by the Trustee.  Exhibit 1.

ELMER DEAN MARTIN III
POST OFFICE BOX 4670
DIAMOND BAR, CALIFORNIA 91765
(909)861-6700

Exhibit 4 Page 000012

ELMER DEAN MARTIN III
POST OFFICE BOX 4670
DIAMOND BAR, CALIFORNIA 91765
(909) 861-6700

3.  After extensive consideration the United States replied that the Joint Committee of Congress on Taxation has no objection to the settlement and that the Plaintiff's offer is accepted.  Exhibit 2 ("Acceptance").

4.  The Trustee observes that the Offer states that the Offer contemplates dismissal of the Adversary upon receipt of the payment of $6,000,000 plus interest as specified in the Offer.

5.  The Trustee further observes that the Acceptance contemplates dismissal of the entire action, including counterclaims, but reserves the right to setoff under §6402 and to issue a credit rather than a payment.

6.  Paragraph 24 of the answer of the United States reserved right of setoff under §6402. Exhibit 3 attached.

7.  The Trustee knows of no basis for a setoff and knows of no pre-petition or post-petition taxes assessed or due in this case.

8.  The United States proposes the form of stipulation for dismissal attached hereto as Exhibit 4.  While the United States agrees to hold that stipulation until the Trustee "received the notice of adjustment and refund", that notice could conceivably report not a cash refund but application of a refund to an amount of tax claimed to be due because the United States reserves the right of setoff.

9.  The Trustee believes that a stipulation for dismissal should be entered into between the Trustee and the United States that either:

    a.  Provides for settlement of the Trustee's claim and leaves set off by the United States for litigation; or

    b.  Provides for dismissal upon payment to the Trustee of the settlement amount without setoff, within a specified time limit.

**The United States Reports:**

10. The reference in the Acceptance Letter (Exhibit 2) with respect to § 6402 of

c:/winword/pleadings/1t5260

the Internal Revenue Code is standard practice when the Department of Justice accepts a settlement offer in refund suits against the United States.

11. The United States is not aware of any outstanding pre-petition or post-petition taxes assessed or due in this case.

12. The proposed stipulation for dismissal of this adversary, Exhibit 4, was submitted to the Trustee for execution and return to the United States with the understanding that the stipulation would not be filed until the Trustee received the notice of adjustment and refund, which has not been returned. Upon return of the proposed stipulation, the Department of Justice will commence the processing of the refund.

Date: _____          Elmer Dean Martin III, A Professional Corporation


                         /s/ Elmer Dean Martin III
                         Elmer Dean Martin III
                         Special Tax Counsel for
                         Chapter 11 Trustee

Date: _____          SANDRA R. BROWN
                         Acting United States Attorney


                         _____
                         Thomas D. Coker
                         Assistant United States Attorney
                         Chief, Tax Division
                         Attorneys for the United States of America,
                         On behalf of the Internal Revenue Service,
                         Defendant

ELMER DEAN MARTIN III
POST OFFICE BOX 4670
DIAMOND BAR, CALIFORNIA 91765
(909)861-6700

c:/winword/pleadings/1t5260

# Elmer Dean Martin III

## A Professional Corporation

22632 GOLDEN SPRINGS DRIVE, SUITE 190
POST OFFICE BOX 4670
DIAMOND BAR, CALIFORNIA 91765
(909) 861-6700 (TELEPHONE)
(909) 860-3801 (FAX)
elmer@bankruptcytax.net (E-MAIL)

September 7, 2016

Thomas Coker
Assistant United States Attorney
Room 7211 Federal Building
300 N. Los Angeles Street
Los Angeles, California 90012

Subject: Bradley Sharp, Chapter 11 Trustee v. United States of America, Adversary No. 2:11-ap-02867-BR, United States Bankruptcy Court for the Central District of California

Dear Mr. Coker:

Bradley Sharp, Chapter 11 Trustee, for the bankruptcy estate of Ezri Namvar ("Estate") makes the following settlement offer with regard to the issues pending in the above referenced adversary proceeding ("Adversary").

The Estate will receive a refund of $6,000,000.

The Estate will receive interest due on the refund as provided in Internal Revenue Code §6611(b)(2) computed from the due date for the Estate's 2008 income tax return determined without regard to extension.

The report to the Joint Committee on Taxation required by Internal Revenue Code §6405(a) shall be made not later than November 7, 2016.

The Adversary shall be dismissed with prejudice upon receipt of the refund and interest thereon.

Each party to bear its own attorney's fees and costs.

Best,

Elmer Dean Martin III

Exhibit 5 Page 000015



**U.S. Department of Justice**

**Tax Division**

*Please reply to:*   *Office of Review*
*P.O. Box 310*
*Washington, D.C. 20044*

DJ 5-12C-29602
CMN 2011101513

March 15, 2017

Elmer Dean Martin, III
22632 Golden Springs Drive, Suite 190
P.O. Box 4670
Diamond Bar, California 91765

*In re Ezri Namvar*, Case No. 08-32349-BR
*R. Todd Neilson v. United States,*
Adv. No. 11-02867 (Bankr. C.D. Cal.)

Dear Mr. Martin:

We are writing to advise you that your September 7, 2016, settlement offer in this case has been accepted by an authorized representative of the Attorney General. We are accordingly instructing the IRS to schedule the allowances of additional overpayment interest due to the taxpayer under the approved settlement. Subject to the final paragraph of this letter, checks for these settlement payments will be mailed to this office, and then forwarded to you.

Tom Coker of the U.S. Attorney's Office will forward to you a stipulation for dismissal of the adversary proceeding. Please sign the original stipulation and return it to the U.S. Attorney's Office for filing. We will not file the stipulation with the court until the settlement check (or notices of credit) have been forwarded to you and you have had an opportunity to review the IRS's statutory interest computations. We will need to have the signed stipulation in hand before we will be able to transmit any settlement checks to you.

Exhibit 5 Page 000016

- 2 -

Pursuant to Section 6402 of the Internal Revenue Code, the overpayments resulting from this settlement may be credited against certain outstanding liabilities of the taxpayer, including liability for an internal revenue tax.

Sincerely yours,

DAVID A. HUBBERT,
Acting Assistant Attorney General

By: ANN REID
Chief, Office of Review

Exhibit 5 Page 000017

1   **ANDRÉ BIROTTE, JR.**
United States Attorney
2   **SANDRA R. BROWN**
Assistant United States Attorney
3   Chief, Tax Division
7211 Federal Building
4   300 N. Los Angeles Street
Los Angeles, CA  90012
5   **VIVIAN BODEY**
Special Assistant United States Attorney
6   CA Bar Number 260883
300 N. Los Angeles Street, M/S 9900
7   Los Angeles, CA  90012
Telephone: (213) 894-3027 ext. 222
8   Facsimile: (213) 894-6548

9

10   Attorneys for the United States of America on
behalf of the Defendant

11

12                UNITED STATES BANKRUPTCY COURT

13                CENTRAL DISTRICT OF CALIFORNIA

14                   LOS ANGELES DIVISION

15

16   In re:                          ) Case No. 2:08-32349-BR
                                      )
     EZRI NAMVAR,                     ) Chapter 11
17                                    )
                          Debtor.     ) ADVERSARY NO. 2:11-ap-02867-BR
18   _____  )
                                      ) ANSWER AND COUNTERCLAIM OF
19   R. Todd Neilson, Chapter 11      ) DEFENDANT UNITED STATES OF
                                      ) AMERICA
20   Trustee,                         )
                                      ) Status Conference Hearing
21                    Plaintiff,      )
                                      ) Date:  January 31, 2012
22                 v.                 ) Time:  2:00 p.m.
                                      ) Place: Courtroom 1668
23   UNITED STATES OF AMERICA,        )        255 E. Temple Street
                                      )        Los Angeles, CA 90012
24                                    )
                          Defendant.  ) Honorable Barry Russell
25   _____  )

26        The **UNITED STATES OF AMERICA**, on behalf of its agency, the

27   INTERNAL REVENUE SERVICE, the defendant, by and through its

28   undersigned attorneys, preserving all objections and motions,

                                -1-

Exhibit 5 Page 000018

1   and denying each and every allegation of the complaint not

2   specifically admitted, qualified or otherwise specifically

3   referred to below, utilizing the same paragraph numbering format

4   as the Complaint, answers the Complaint to Determine the Right

5   of the Estate to Refund from the Internal Revenue Service of

6   Overpayment of Income Taxes in the Amount of $10,519,457.00 as

7   follows:

8                    **JURISDICTION AND PARTIES**

9       1.   Admits.

10      2.   Admits.

11      3.   Admits.

12      4.   Admits.

13      5.   Admits that Plaintiff consents to the entry of final

14  orders or judgments as detailed in this paragraph of the

15  Complaint.

16      6.   Admits.

17      7.   Admits.

18                       **ALLEGATIONS**

19                       **FIRST CLAIM**

20      8.   The Defendant re-alleges and incorporates herein by

21  reference, each response set forth in response to paragraphs 1

22  through 7, as if set forth fully herein.

23      9.   First sentence.  Admits.  Second sentence.  Denies;

24  alleges that the estate late-filed Form 1041 Income Tax Return

25  for Estates and Trusts for the 2008 taxable year on September 7,

26  2010.

27      10.  First sentence.  Admits Form 1045 Application for

28  Tentative Refund for the 2008 taxable year was received on

-2-

Exhibit 5 Page 000019

September 13, 2010 electing to carryback net operating losses to the 2003 through 2006, inclusive, taxable years; denies any remaining allegations pertaining to Revenue Procedure 2009-52. Second sentence. Admits.

    11.  Admits.

    12.  First sentence. Admits Section 13 of the Worker, Homeownership, and Business Assistance Act of 2009, Pub. L. No. 111-92, 123 Stat. 2984 (November 6, 2009) amended 26 U.S.C. §§ 172(b)(1)(H) and 810(b) to allow taxpayers to elect to carry back an applicable net operating loss for a period of 3, 4, or 5 years, or a loss from operations for 4 or 5 years, to offset taxable income in those preceding taxable years. Second sentence. Admits.

    13.  Denies.

    14.  Denies.

    15.  Denies; alleges that the estate's tax return for the 2008 taxable year and the refund claim is currently under examination by the Internal Revenue Service ("IRS").

    16.  Denies for lack of sufficient knowledge and information to form a belief as to the truth of the allegations.

    17.  Admits that a package was received in early June 2011 relating to the refund at issue in this adversary proceeding; denies remaining allegations for lack of sufficient knowledge and information to form a belief as to the truth of the allegations. Alleges for clarification purposes that the package received has been forwarded for examination by the IRS.

    18.  Denies for lack of sufficient knowledge and information to form a belief as to the truth of the allegations.

-3-

Exhibit 5 Page 000020

19.  First sentence.  Denies for lack of sufficient
knowledge and information to form a belief as to the truth of
the allegations.  Second sentence.  Admits a copy of a letter is
attached to the copy of the complaint served on the defendant;
denies all remaining allegations concerning this letter for lack
of sufficient knowledge and information to form a belief as to
the truth of the allegations.

20.  Denies for lack of sufficient knowledge and information
to form a belief as to the truth of the allegations.

21.  Admits that a claim for refund was submitted; denies
remaining allegations.

22.  Admits it has been more than 120 days since the IRS
received the claim for refund; denies remaining allegations.

23.  Admits; alleges that the request for refund and the
estate's tax return for the 2008 taxable year upon which the
refund claim is based is under examination by the IRS.

24.  Neither admits nor denies on the basis that the
allegation calls for a legal conclusion; to the extent that the
Court deems this to be a material fact, admits that the refund
amounts, if any, would be scheduled as overpayments, and
refunded to the plaintiff, subject to the government's right of
offset, if any, under 26 U.S.C. § 6402, plus statutory interest.

25.  Admits that the IRS has not issued any refunds to the
plaintiff or the debtor in the underlying bankruptcy case.

### SECOND CLAIM

### (for attorney fees)

26.  The Defendant re-alleges and incorporates herein by
reference, each response set forth in response to paragraphs 1

-4-

Exhibit 5 Page 000021

through 25, as if set forth fully herein.

27.  Denies.

### AFFIRMATIVE DEFENSES

FURTHER ANSWERING THE COMPLAINT, and as a defense to the plaintiff's first and second claims for relief, the UNITED STATES reserves the right to raise additional defenses should the UNITED STATES become aware as this matter proceeds.

FURTHER ANSWERING THE COMPLAINT, and as a defense to the plaintiff's second claim for relief, the UNITED STATES alleges the plaintiff is not entitled to fees and costs and that the plaintiff's prayer for fees and costs is premature, since the plaintiff has not established, among other requirements, the status of a prevailing party as required by 26 U.S.C. § 7430.

### COUNTERCLAIM

The United States of America asserts its counterclaim against the counterclaim-defendant R. Todd Neilson, Chapter 11 Trustee as follows:

28.  This counterclaim is brought by the UNITED STATES, pursuant to FED. R. BANKR. P. 7013.

29.  This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1334 and authorization to exercise jurisdiction under 11 U.S.C. § 505.

30.  Venue in this judicial district is appropriate pursuant to the provisions of 28 U.S.C. § 1409(a).

31.  Pursuant to 26 U.S.C. § 7401, this counterclaim is authorized and sanctioned by a duly authorized delegate of the Secretary of the Treasury and is brought at the direction of a duly authorized delegate of the Attorney General of the United

Exhibit 5 Page 000022

1  States.

2       32.   The estate's income tax return for the 2008 taxable

3  year is under examination by the IRS.

4       33.   The UNITED STATES asks the Court to determine the

5  estate's tax liability under 11 U.S.C. § 505 for the 2008 taxable

6  year should the IRS assert a tax deficiency after completion of

7  the examination into the tax returns at issue.

8                            **PRAYER**

9       WHEREFORE, the United States of America, on behalf of its

10 agency, the Internal Revenue Service, requests that this Court

11 deny Debtor's requests for relief in full, that the Court enter

12 judgment in favor of the United States and against counter-claim

13 defendant should the United States assert a tax deficiency, and

14 grant such other and further relief to the United States of

15 America and its agency the Internal Revenue Service as is

16 appropriate.

17

18                    Respectfully Submitted,

19                    **ANDRÉ BIROTTE, JR.**
                       United States Attorney
20                    **SANDRA R. BROWN**
                       Assistant United States Attorney
21                    Chief, Tax Division

22

23

24 DATE: 11/18/2011      /s/ Vivian Bodey
                        **VIVIAN BODEY**
25                      Special Assistant United States Attorney
                        Attorneys for the United States of America
26                      on behalf of itself and the defendant
                        Internal Revenue Service
27

28

                              -6-

Exhibit 5 Page 000023

SANDRA R. BROWN
Acting United States Attorney
THOMAS D. COKER (SBN 136820)
Assistant United States Attorney
Chief, Tax Division
7211 Federal Building
300 N. Los Angeles Street
Los Angeles, CA  90012
Telephone: (213) 894-2454
Facsimile: (213) 894-0115

Attorneys for the United States of America

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>EZRI NAMVAR,<br><br>       Debtor.<br><br>_____<br><br>Bradley D. Sharp, Chapter 11 Trustee,<br><br>       Plaintiff,<br><br>       v.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant.<br><br>_____ | Case No. 2:08-bk-32349-BR<br><br>Chapter 11<br><br>Adversary No. 2:11-ap-02867-BR<br><br>STIPULATION FOR DISMISSAL WITH PREJUDICE BY REASON OF SETTLEMENT<br><br>[Rule 7041, F.R.B.P.; Rule 41(a)(1)(A)(ii), Fed.R.Civ.P.] |

Bradley D. Sharp, Chapter 11 Trustee, ("Plaintiff) and the United States

of America and its agency, the Internal Revenue Service, ("Defendant")

hereby  stipulate to dismissal of the above entitled adversary action with

prejudice, including the Complaint [ECF No. 1], Counterclaim of Defendant

-1-

Exhibit 5 Page 000024

[ECF No. 5], and Counterclaim of Plaintiff [ECF No. 8], pursuant to Rule 7041,

F.R.B.P. and Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

　　　　Each party to bear its own costs, including attorneys fees, court costs and

litigation expenses.

　　　　　　　　　　　　SANDRA R. BROWN
　　　　　　　　　　　　Acting United States Attorney

Date:
　　　　　　　　　　　　_____
　　　　　　　　　　　　THOMAS D. COKER
　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　Chief, Tax Division
　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　UNITED STATES OF AMERICA

　　　　　　　　　　　　Elmer Dean Martin III, A Professional
　　　　　　　　　　　　Corporation

Date:
　　　　　　　　　　　　_____
　　　　　　　　　　　　Elmer Dean Martin III
　　　　　　　　　　　　Special Tax Counsel for
　　　　　　　　　　　　Chapter 11 Trustee

Exhibit 5 Page 000025

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**1300 Valley Vista Drive, Suite 201**
**Diamond Bar, CA 91765**

A true and correct copy of the foregoing document entitled (specify): **_Plaintiff's Unilateral Status Report_** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **_April 11, 2017_**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Vivian Bodey     vivian.bodey@irscounsel.treas.gov**
- **Thomas Coker     Thomas.coker@usdoj.gov, USACAC.criminal@usdoj.gov**
- **Elmer D Martin     elmermartin@gmail.com**
- **David M Poitras     dpoitras@jmbm.com, bt@jmbm.com;vr@jmbm.com;dmp@ecf.inforuptcy.com**
- **United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov**

*See NEF for confirmation of electronic transmission to the U.S. Trustee and any trustee in this case, and to any attorneys who receive service by NEF.*

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (date) **_April 11, 2017_**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) **_April 11, 2017,_** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Personal Delivery:

Honorable Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| _4/11/17_ | _Cynthia P. Miller_ | _/s/ Cynthia P. Miller_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.